IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISIDRO ROMERO,

       Petitioner,

vs.

ROBERT L. AYERS, JR., Warden,

       Respondent.

No. C 07-06382 TEH (PR)

ORDER TO SHOW CAUSE

    Petitioner, a California state inmate at San Quentin State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the March 7, 2007, decision of the California Board of Parole Hearings ("BPH") to deny him parole. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

    According to the petition and the attachments thereto, Petitioner was convicted in 1985 in the Superior Court of the State of California in and for the County of Orange of second degree murder with use of a deadly weapon and was sentenced to a term of sixteen years-to-life.

    Petitioner challenges the BPH's decision finding him unsuitable for parole after his subsequent parole consideration hearing on March 7, 2007. Petitioner filed a state petition for writ of habeas corpus in the Orange County Superior Court, which denied the petition on August 10, 2007. Pet. Ex. D. It appears that after the Court of Appeal denied

relief, Petitioner sought review in the California Supreme Court, which denied the petition for review on November 28, 2007.  Pet. Ex. E.

## DISCUSSION

A.      Standard of Review

The Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the Respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.      Legal Claims

Petitioner seeks federal habeas corpus relief from the BPH's decision finding him not suitable for parole on the grounds that (1) the BPH violated his due process rights by denying parole without some evidence that Petitioner poses a current threat to public safety, and (2) the BPH's decision denying parole was arbitrary and capricious.  Liberally construed, Petitioner's claims appear colorable under § 2254 and merit an answer from Respondent.  See Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with fifteen-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

1    2.    Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

4.    Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

SO ORDERED.

DATED:   07/01/08

THELTON E. HENDERSON  
United States District Judge