1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5774
     Fax: (415) 703-5843
8    Email: Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Warden Ayers
   SF2008200231
10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

14

15 | **ISIDRO ROMERO,**           | C07-06382 TEH

16 |              Petitioner,

17 |        v.                     | Judge: The Hon. Thelton E. Henderson

18 | **ROBERT L. AYERS, JR.,**

19 |              Respondent.

20

21      **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS;**
22         **MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

| | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 5 |
|     INTRODUCTION | 5 |
|     ARGUMENT | 5 |
|         I. ROMERO HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA. | 5 |
|             A. Romero Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law. | 6 |
|             B. Romero Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law. | 8 |
|             C. Romero Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts. | 9 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Baja v. Ducharme*
187 F.3d 1075 (9th Cir. 1999) ..... 5

*Benny v. U.S. Parole Comm'n*
295 F.3d 977 (9th Cir. 2002) ..... 5

*Biggs v. Terhune*
334 F.3d 910 (9th Cir. 2003) ..... 7

*Carey v. Musladin*
549 U.S. 70 (2006) ..... 6

*Crater v. Galaza*
491 F.3d 1119 (9th Cir. 2007) ..... 7

*Duhaime v. Ducharme*
200 F.3d 597 (9th Cir. 2000) ..... 7

*Earp v. Ornoski*
431 F.3d 1158 (9th Cir. 2005) ..... 7

*Foote v. Del Papa*
492 F.3d 1026 (9th Cir. 2007) ..... 7

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*
442 U.S. 1 (1979) ..... 3, 4, 6, 8

*Hayward v. Marshall*
527 F.3d 797 (9th Cir. 2008) ..... 3, 7

*In re Rosenkrantz*
29 Cal. 4th 616 (2002) ..... 8

*Irons v. Carey*
505 F.3d 846 (9th Cir. 2007) ..... 7

*Langford v. Day*
110 F.3d 1380 (9th Cir. 1984) ..... 3

*Lockyer v. Andrade*
538 U.S. 63 (2003) ..... 6, 8

*Nguyen v. Garcia*
477 F.3d 716 (9th Cir. 2007) ..... 7

*Pulley v. Harris*
465 U.S. 37 (1984) ..... 3

**TABLE OF AUTHORITIES (continued)**

| | Page |
|---|---|
| *Sandin v. Connor*<br>515 U.S. 472 (1995) | 3, 6 |
| *Sass v. California Board of Prison Terms*<br>461 F.3d 1123 (9th Cir. 2006) | 3, 7 |
| *Schriro v. Landrigan*<br>___U.S.___, 127 S. Ct. 1933 (2007) | 7 |
| *Superintendent v. Hill*<br>472 U.S. 445 (1985) | 5, 7-10 |
| *Wilkinson v. Austin*<br>545 U.S. 209 (2005) | 3, 6 |
| *Williams v. Taylor*<br>529 U.S. 362 (2000) | 6, 8 |
| *Wright v. Van Patten*<br>___U.S.___, 128 S. Ct. 743 (2008) | 7 |
| *Ylst v. Nunnemaker*<br>501 U.S. 797 (1991) | 9 |

**Statutes**

United States Code, Title 28
| | |
|---|---|
| § 2244(d)(1) | 3 |
| § 2254 | 2, 3 |
| § 2254(d) | 8 |
| § 2254(d)(1-2) (2000) | 6 |
| § 2254(e)(1) | 9 |
| § 2254(d)(1) | 7 |
| § 2254(d)(2) | 9 |

**Other Authorities**

| | |
|---|---|
| Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) | 5, 7, 8 |

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JESSICA N. BLONIEN
Supervising Deputy Attorney General
STACEY D. SCHESSER, State Bar No. 245735
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5774
 Fax: (415) 703-5843
 Email: Stacey.Schesser@doj.ca.gov

Attorneys for Respondent Warden Ayers
SF2008200231

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ISIDRO ROMERO,**<br><br>                              Petitioner,<br><br>   v.<br><br>**ROBERT L. AYERS, JR.,**<br><br>                              Respondent. | C07-06382 TEH<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:   The Hon. Thelton E. Henderson |

   As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Isidro Romero, Respondent Robert Ayers, Acting Warden, admits, alleges, and denies that:

   1.   Romero is in the lawful custody of the California Department of Corrections and Rehabilitation following his May 16, 1985 conviction of second-degree murder with a weapon enhancement. (Pet. at 3.) Romero is serving a sentence totaling sixteen years to life in prison. (*Id.*)

   2.   In 2007, Romero filed a petition for writ of habeas corpus in Orange County Superior Court, alleging that Board of Parole Hearings' March 7, 2007 decision denying him parole

violated his due process rights. (Ex. 1, Super. Ct. Pet.) The superior court denied the petition, finding that "Because [Romero's] threat to society if released is directly related to his permanent abstention from alcohol use, the Board's conclusion that he would still pose a threat to society if released, based [on] the aforementioned deficiencies in this area (including but not limited to his failure to regularly attend AA from 2000 through 2005), is supported by the record. Consequently, the denial of parole is supported by 'some evidence' and was not an abuse of discretion. [Citations]." (Ex. 2, Super Ct. Order at 6.)

3. Romero then raised the same claims in petitions to the California Court of Appeal and the California Supreme Court. (Ex. 3, Ct. App. Pet.; Ex. 4, Ct. App. Order; Ex. 5, Sup. Ct. Pet; Ex. 6, Sup. Ct. Order.) Both petitions were summarily denied. (Exs. 4, 6.)

4. Respondent alleges that Romero failed to allege that he properly exhausted his state court remedies regarding the claim that the Board's 2007 decision violated his due process rights.[1] On page six of his federal Petition, Romero states "N/A" in the lines where he is supposed to allege and prove exhaustion. The burden to show proper exhaustion is on the petitioner under 28 U.S.C. § 2254. (Pet. at 6.) However, because Romero attached state court petitions showing denials of his habeas claims to his federal Petition, Respondent acknowledges that he intended to prove that he met this burden, even though it was improperly pled. Respondent denies that Romero has exhausted his claims to the extent they are interpreted more broadly to encompass any systematic issues beyond this claim.

5. Respondent alleges that Romero fails to present a federal question when he contends

---

1. On Page 1 of his federal Petition's Memorandum of Points & Authorities, Romero claims that this Court issued an order to show cause in case number M-10932. After reviewing his state court habeas petitions, it appears that Romero filed the same text in all his petitions, including his federal petition, and his reference to "this court" refers to the state superior court. (See Ex. 1.) Therefore, Respondent will not address this claim, as it appears directed at this Court in error. Respondent will also not address his claims stemming from the April 20, 2006 en banc decision by the Board denying him parole because it appears that Romero is only including this decision as additional factual information and not alleging a separate due process violation. Moreover, based on his petition, points and authorities, and attached exhibits, Romero's claim stem from his March 7, 2007 Board denial, and he has not proven nor alleged that he properly exhausted any due process claims involving the April 20, 2006 en banc decision in state court.

Answer; Supporting Mem. of P & A

Romero v. Ayers
C07-06382 TEH

2

that the state courts improperly applied or interpreted state law. Alleged errors in the application of state law are not cognizable in federal habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1984).

6. Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1). Respondent admits that the Petition is not subject to any other procedural bar.

7. Respondent denies that Romero is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.

8. Respondent denies that Romero has a federally protected liberty interest in parole and, therefore, alleges that he has not stated a federal question invoking this court's jurisdiction. The Supreme Court has not clarified the methodology for determining whether a state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest). California's parole statute does not contain mandatory language giving rise to a protected liberty interest in parole under the mandatory-language approach announced in *Greenholtz*. And continued confinement under an indeterminate life sentence does not impose an "atypical or significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence, impose a new condition of confinement, or otherwise restrict his liberty while he serves his sentence. Thus, Respondent asserts that Romero does not have a federal liberty interest in parole under either *Greenholtz* or *Sandin*. This issue is currently under review by an en banc panel in the Ninth Circuit. *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008), *but see Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006).

9. Even if Romero has a federal liberty interest in parole, he received all due process to

which he is entitled under clearly established federal law because he was provided with an opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442 U.S. at 16.

10. Respondent denies that the some-evidence test is clearly established Supreme Court law in the parole context.

11. Respondent denies that clearly established federal law establishes that the overarching factor in whether an inmate is unsuitable for parole is the determination of whether the inmate poses a current threat or danger to society.

12. Respondent denies that clearly established federal law precludes the parole authority from relying on the commitment offense or other immutable factors when reviewing an inmate's parole suitability. Respondent further denies that clearly established federal law demands that the parole authority can only rely on the commitment offense to deny parole if the crime is "more than minimally necessary to convict him of the offense for which he is confined." No clearly established federal law holds that the predictive value of the commitment offense dissipates after a certain period of time.

13. Respondent denies that the Board relied on immutable factors to deny parole to Romero at the March 7, 2007 hearing.

14. Respondent alleges that no clearly established federal or state law requires the parole authority to compare an inmate's crime to other similar offenses in determining if a prisoner is suitable for parole.

15. Respondent denies that clearly established federal or state law requires the parole authority to find that a commitment offense is "particularly egregious" to deny parole.

16. Respondent denies that the Board's 2007 decision was predetermined, arbitrary, or capricious. Respondent alleges that the Board's decision to deny parole was based on an individualized consideration of Romero's suitability and is supported by evidence in the record.

17. Respondent denies that the state superior court's decision was based on an unreasonable determination of the facts. Respondent further denies that Romero fails to refute the state court's findings with clear and convincing evidence. To the extent that Romero's

1  merely disagrees with how the Board weighed the evidence or suggests an alternative
2  interpretation of the evidence, he fails to show how the state court's decision amounts to a
3  violation of federal due process. *Hill*, 472 U.S. at 455.

4    18.  Respondent submits that an evidentiary hearing is not necessary because Romero's
5  claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075,
6  1078 (9th Cir. 1999).

7    19.  Respondent denies that Romero is entitled to release or parole. The remedy is limited
8  to the process that is due, which is a new review by the Board comporting with due process. *See*
9  *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole
10 is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate
11 to a favorable parole decision).

12    20.  Romero fails to state or establish any grounds for habeas corpus relief.

13    21.  Except as expressly admitted in this Answer, Respondent denies the allegations of the
14 Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Romero claims that the Board's 2007 decision finding him unsuitable for parole violated his due process rights. But Romero merely alleges a disagreement with the Board's decision, and fails to establish that the state court decisions denying his due process claims were contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Thus, there are no grounds for federal habeas relief.

## ARGUMENT

## I.

### ROMERO HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either:

1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Romero has not demonstrated that he is entitled to relief under this standard.

### A. Romero Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law.

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The Constitution does not require more." *Id.*[2] No other Supreme Court holdings require more at a parole hearing.

Romero does not contest that he received the *Greenholtz* protections. (*See generally* Pet.) Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding an inmate's due process rights during parole proceedings, the state court decisions upholding the Board's decision were not contrary to clearly established federal law. Thus, the Petition should be denied.

Although Romero alleges that the Board's decision must be supported by some evidence, there is no clearly established federal law applying this standard to parole decisions. The

---

2. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Answer; Supporting Mem. of P & A                                                                    *Romero v. Ayers*
                                                                                                    C07-06382 TEH

1  Supreme Court has held that under AEDPA a test announced in one context is not clearly
2  established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___, 128
3  S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*,
4  127 S. Ct. at 652-54; *see also, Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen
5  v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th
6  Cir. 2007). The Supreme Court developed the some-evidence standard in the context of a prison
7  disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally
8  different context than a parole proceeding. Because the tests and standards developed by the
9  Supreme Court in one context cannot be transferred to distinguishable factual circumstances for
10 AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to
11 parole decisions. While the Ninth Circuit has applied the some-evidence standard to parole
12 decisions, this is improper under AEDPA, and the issue is currently pending before an en banc
13 panel of the Ninth Circuit. *Hayward*, 527 F.3d 797.

14      AEDPA does not permit relief based on circuit caselaw. *Crater*, 491 F.3d at 1123, 1126 (§
15 2254(d)(1) renders decisions by lower courts non-dispositive for habeas appeals); *Earp v.
16 Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the
17 extent it clarifies what constitutes clearly established law." . . . "Circuit precedent derived from
18 an extension of a Supreme Court decision is not clearly established federal law as determined by
19 the Supreme Court."); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore,
20 the Ninth Circuit's use of the some-evidence standard is not clearly established federal law, is not
21 binding on this Court, and is under review by an en banc panel. *Hayward*, 527 F.3d 797; *Biggs
22 v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass*, 461 F.3d at 1128; *Irons v. Carey*, 505 F.3d 846,
23 851 (9th Cir. 2007).

24      Similarly, Romero's claim that the Board's reliance on the unchanging factor of his
25 commitment offense violates due process finds no support in Supreme Court precedent.
26 Although the Ninth Circuit has suggested that this may amount to an additional due process
27 claim, *Biggs*, 334 F.3d at 917, Romero does not and cannot cite to any clearly established
28 Supreme Court authority prohibiting the Board from relying on immutable factors. Thus, federal

Answer; Supporting Mem. of P & A                                   *Romero v. Ayers*
                                                                   C07-06382 TEH

habeas relief is not available. 28 U.S.C. § 2254(d).

Finally, Romero's claim that the Board's decision was predetermined, arbitrary, and capricious lacks merit. The superior court specifically found that the hearing transcript "indicates that the Board of Parole Hearings addressed the factors required by law and provided an individualized consideration of these factors as they related to petitioner." (Ex. 2 at 5.) Thus, the court concluded, his claim that the decision was pre-determined, arbitrary and capricious was unfounded. (*Id.*) Furthermore, Romero's mere citation to the results of his past parole hearings does not prove that the Board's May 1, 2007 decision was predetermined, arbitrary, or capricious, as each hearing involves different panel members and their individualized assessment of the evidence in the record. Because the Board's decision was based on evidence of unsuitability, there is no support for Romero's claim that the Board's decision was predetermined, arbitrary, or capricious.

In sum, the only clearly established federal law setting forth the process due in the parole context is *Greenholtz*. Romero does not allege that he failed to receive these protections. Therefore, Romero has not shown that the state court decisions denying habeas relief were contrary to clearly established federal law.

**B.  Romero Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.**

Habeas relief may only be granted based on AEDPA's unreasonable-application clause where the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. Under this deferential standard, Romero must do more than merely establish that the state court was wrong or erroneous, but show that the application was unreasonable. *Id.* at 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-evidence standard as clearly established federal law, but even accepting that premise, Romero is not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re Rosenkrantz*, 29 Cal. 4th 616 (2002), and Romero has not shown that the state courts unreasonably applied the standard.

When, as here, the California Supreme Court denies a petition for review without comment, the federal court will look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 804-06 (1991). In this case, the last reasoned decision is the Orange County Superior Court's order denying Romero's habeas petition. (Ex. 2.) The superior court found that there was some evidence in the record to support the Board's finding that Romero was unsuitable for parole based on the commitment offense, criminal history, social history, parole plans, and self-help issues. (Ex. 2 at 5-6.) The court found that evidence in the record supported the Board's conclusion that Romero would still pose a threat to society if released, including Romero's failure to regularly attend Alcoholics Anonymous from 2000 to 2005. (*Id.*) The court's consideration of this evidence not only satisfies the some-evidence standard of judicial review, but also demonstrates that the Board did not violate Romero's right to due process in denying parole based on unchanging factors because this evidence was based on Romero's post-conviction progress and rehabilitation. (*Id.*) Thus, Romero has not shown that the state court unreasonably applied *Hill*, but rather asks this Court to re-weigh his suitability. Such a re-weighing has no basis in United States Supreme Court law. Accordingly, Romero's claim fails.

### C. Romero Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state court's factual determinations are presumed to be correct, and Romero has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although Romero alleges that the Board's decision is not supported by any evidence, he does not show by clear and convincing evidence that the state court made factual errors. First, the state court found that the Board's decision was based on factors in addition to the commitment offense and declined to analyze whether the commitment offense alone would have supported the Board's decision. (Ex. 2 at 5.) In turning to the additional unsuitability evidence in the record, the court found that there was some evidence to support the Board's conclusion

1 | that Romero failed to show that he would abstain from alcohol abuse if released. (*Id.*) The court
2 | cited the fact that Romero was drunk at the time of the offense, an admitted alcoholic who began
3 | drinking at age fifteen, and the fact that his alcohol abuse contributed to his prior criminal record.
4 | (*Id.*) The court also found that his 2005 psychological assessment concluded that his potential
5 | for alcohol relapse was a risk factor and specifically cited the report's conclusion that his
6 | "minimal risk to the community if released was expressly conditioned upon his continued
7 | abstention from alcohol use and his continued involvement with alcohol recovery activities."
8 | (*Id.*) This evidence coupled with Romero's own admission in the transcript that he failed to
9 | regularly attend AA from 2000-2005 led the court to find that the Board's conclusion was
10 | sufficiently supported by evidence in the record. (*Id.* at 5-6.)

While Romero disagrees with the superior court's findings, he does not provide clear and convincing evidence that the state court erred in how they interpreted the facts. (Pet at 11-13.) Notably, Romero also does not prove that his attendance in AA was not sporadic; rather, he offers alternative explanations for this conclusions, citing to other self-help programming and claiming there were scheduling conflicts. (Pet. at 11-12.) Like his disagreement with the weight the Board assigned unsuitability evidence, then, Romero merely disagrees with how the state court interpreted the evidence as opposed to whether the state court made an unreasonable determination of the facts. Such disagreement does not entitle Romero to federal habeas relief. *Hill*, 472 U.S. at 455.

///
///
///
///
///
///
///
///
///

# CONCLUSION

Romero has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: September 2, 2008

                Respectfully submitted,

                EDMUND G. BROWN JR.
                Attorney General of the State of California

                DANE R. GILLETTE
                Chief Assistant Attorney General

                JULIE L. GARLAND
                Senior Assistant Attorney General

                JESSICA N. BLONIEN
                Supervising Deputy Attorney General

                */s/ Stacey D. Schesser*

                STACEY D. SCHESSER
                Deputy Attorney General
                Attorneys for Respondent

20132019.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Romero v. Ayers**

No.:   **C07-06382 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>September 2, 2008</u>, I served the attached

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Isidro Romero**
**D-07204**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 2, 2008, at San Francisco, California.

| L. Santos | _(signature)_ |
|---|---|
| Declarant | Signature |

20138707.wpd